UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENYATTA NALLS,

        Plaintiff,                                Case Number: 2:11-12670

v.                                                     HONORABLE ARTHUR J. TARNOW

BENNY N. NAPOLEON,

        Defendants.
_____/

## ORDER OF PARTIAL DISMISSAL, DIRECTING CLERK'S OFFICE TO PREPARE SERVICE COPIES OF COMPLAINT, AND DIRECTING SERVICE

      Plaintiff Kenyatta Nalls, a state inmate currently incarcerated at the St. Louis Correctional Facility, in St. Louis, Michigan, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff has named multiple Michigan Department of Corrections (MDOC) officials and employees as defendants, including four John Doe defendants.

      Plaintiff alleges that defendants have violated his rights under the Eighth Amendment by their deliberate indifference to his medical needs. Plaintiff alleges that, in March 2010, while incarcerated at the Wayne County Jail, his left hand was crushed by a cell door being operated remotely by a deputy. He states that his attempts to free his left hand from the doors also injured his right hand. Plaintiff alleges that, despite advising jail officials what had happened, he was not seen by a nurse, defendant Chatam, for several hours. Defendant Chatam failed to provide any medical care. Over the next several days, Plaintiff informed defendants Majors, Jonas, Chatam, Thomas, Dixon and Rogers of his injuries. He was provided with no medical care. Four or five days later, Plaintiff's hand was x-rayed and showed two crushed knuckles in his right hand and detached ligaments and a broken bone in his left hand. Plaintiff did not receive

any pain medication until seven days after he sustained the injuries. On April 2, 2010, Plaintiff was taken to a hospital where the injuries were confirmed and he was told that his broken bones were not healing properly because treatment had been delayed. He further alleges that he was subsequently denied pain medication because he had filed grievances against jail medical personnel.

## I.

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action due to his indigence. Under the Prison Litigation Reform Act ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). Similarly, the Court is required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). While a complaint need not contain "detailed factual allegations," a plaintiff's obligation to provide grounds entitling him to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal and end citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555-56 (citations and

footnote omitted).

## II.

To state a federal civil rights claim, a plaintiff must show that: (1) the defendant is a person who acted under color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). A *pro se* civil rights complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jones v. Duncan*, 840 F.2d 359, 361 (6th Cir. 1988). Despite the liberal pleading standard accorded *pro se* plaintiffs, the Court finds that Plaintiff fails to state a claim upon which relief may be granted with respect to defendant Napoleon.

Plaintiff appears to be basing his allegations against Napoleon on the actions of deputies and medical personnel at the Wayne County Jail. The doctrine of *respondeat superior* does not apply in § 1983 lawsuits to impute liability onto supervisory personnel, *see Monell v. Department of Social Services of New York*, 436 U.S. 658, 691-95 (1978), unless it is shown "that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it." *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "At a minimum a plaintiff must show that the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct . . ." *Hays v. Jefferson County, Ky.,* 668 F.2d 869, 874 (6th Cir. 1982). In this case, Plaintiff fails to allege any specific conduct by Napoleon that would support a finding that Napoleon directly participated in, encouraged, or implicitly authorized or approved the alleged unconstitutional conduct. Accordingly, Plaintiff fails to state a claims against Napoleon.

### III.

Plaintiff fails to allege any specific conduct by Defendant Napoleon that would support a finding that he directly participated in, encouraged, or implicitly authorized or approved the alleged unconstitutional conduct.  Therefore, IT IS ORDERED that Defendant Napoleon is DISMISSED.

IT IS FURTHER ORDERED that the Clerk's Office prepare copies of the complaint as needed to effect service of the complaint.

IT IS FURTHER ORDERED that the United States Marshal shall serve the appropriate papers in this case on the remaining named Defendants without prepayment of the costs for such service.[1]  The Marshal may collect the usual and customary costs from Plaintiff after effecting service.

S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: July 26, 2011

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on July 26, 2011, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary

---

[1] It is Plaintiff's responsibility to identify and provide addresses for the John Doe defendants.  *Dubard v. Buckberry*, No. 10-12740, 2010 WL 3168635 (E.D. Mich. Aug. 10, 2010).  After Plaintiff has properly identified the John Doe defendants, the Court may order the United States marshal or a deputy marshal to direct service of the complaint on him.  *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir.1996).