UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENYATTA NALLS (#230196),

   Plaintiff,

          CASE NO. 2:11-CV-12670
          JUDGE ARTHUR J. TARNOW
          MAGISTRATE JUDGE PAUL J. KOMIVES

 v.

BENNY N. NAPOLEON,
MICHAEL BRANDON,
LINTON DIXON,
TIFFANI JONES,
JACQUELYN FOSTER,
TONYA CHETAM,
JONES,
MAXINE HAWK,
KIMBERLY MAJORS,
THOMAS and
JOHN DOES 1-4,

   Defendants.
_____/

## REPORT AND RECOMMENDATION THAT SIX (6) DEFENDANTS BE DISMISSED FROM THIS CASE

I.  **RECOMMENDATION:** The Court should dismiss defendants Wayne County Sheriff

Deputy Corporal Jones, Wayne County Jail Nurse Thomas and John Does 1-4 on the basis that

they have not been adequately identified.

   If plaintiff files a timely objection to this report and recommendation which includes

information that would have been responsive to my May 21, 2013 order (Doc. Ent. 10), the

Court may take such information into consideration when determining whether to accept or

reject the instant report and recommendation.

Additionally, the Clerk of the Court is directed to serve a copy of this report and recommendation, as well as a copy of the docket sheet for this case, upon plaintiff at both the St. Louis Correctional Facility (his address of record) and Alger Correctional Facility (the address listed in the MDOC's Offender Tracking Information System).

## II.  **REPORT:**

### A.  **Plaintiff filed his complaint against fourteen (14) defendants.**

Kenyatta Nalls (#230196) is currently incarcerated at the MDOC's Alger Correctional Facility (LMF) in Munising, Michigan.[1]  On June 20, 2011, while incarcerated at the St. Louis Correctional Facility (SLF), Nalls filed the instant pro se prisoner civil rights complaint against fourteen (14) Wayne County defendants: Benny N. Napoleon, Brandon, Dixon, Jones, Foster, Chetam, Jones, Hawk, Majors, Thomas and John Does 1-4.  Doc. Ent. 1 at 1-2.  The facts underlying the complaint stem from the alleged events of March 13, 2010 at the Wayne County Jail (WCJ), when plaintiff claims his left hand was smashed and crushed by his cell door, and continue through April 17, 2010.  Doc. Ent. 1 at 4-11 ¶¶ 1-73.[2]

### B.  **The Court has dismissed one (1) defendant, and seven (7) defendants have appeared.**

On July 26, 2011, Judge Tarnow entered an order dismissing Napoleon as a defendant, directing the Clerk's Office to prepare service copies of the complaint and directing service of the complaint by the U.S. Marshal.  Doc. Ent. 5.  His order specifically provided:

> It is Plaintiff's responsibility to identify and provide addresses for the John Doe defendants.  *Dubard v. Buckberry*, No. 10-12740, 2010 WL 3168635 (E.D. Mich.

---

[1]*See* www.michigan.gov/corrections, "Offender Search."

[2]Among the sentences Nalls is serving are those imposed on September 30, 2010 for March 5, 2010 offenses.  *See* Case No. 10-003122-01-FC (Wayne County).

Aug. 10, 2010).  After Plaintiff has properly identified the John Doe defendants, the Court may order the United States marshal or a deputy marshal to direct service of the complaint on him.  *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996).

Doc. Ent. 5 at 4 n.1.

On October 26, 2011, attorney Aaron C. Thomas (Assistant Wayne County Corporation Counsel) filed an appearance and an answer on behalf of seven (7) of the defendants: Jacquelyn Foster, Tonya Chetam, Tiffani Jones, Maxine Hawk, Kimberly Majors, Michael Brandon and Linton Dixon.  Doc. Entries 7 and 8.[3]

**C.    The remaining six (6) defendants have not been adequately identified.**

On November 2, 2011, the U.S. Marshal informed the Court that the attempts as service upon Jones (Wayne County Sheriff Deputy Corporal) and Thomas were returned unexecuted on the basis that there were too many employees with these last names.  On November 8, 2011, Judge Tarnow referred this case to me for pretrial matters.  Doc. Ent. 9.

On May 21, 2013, I entered an order (Doc. Ent. 10) setting the deadline for plaintiff to identify six (6) defendants.  The order specifically provided that, "no later than June 14, 2013, plaintiff SHALL adequately identify Wayne County Sheriff Deputy Corporal Jones and Wayne

---

[3]In his complaint, plaintiff identifies one of the defendants as Jones, a male Wayne County Sheriff Deputy Corporal.  Doc. Ent. 1 at 2 ¶ 4.  Plaintiff identifies another of the defendants as Jones, a female WCJ nurse.  Doc. Ent. 1 at 2 ¶ 7.

Defendants' October 26, 2011 filings (Doc. Entries 7 and 8) appear to be brought on behalf of defendants Foster, Chetam, Nurse Jones, Hawk and Majors.  Defendants' May 28, 2013 motion (Doc. Ent. 12) appear to be brought on behalf of defendants Jacquelyn Foster, Tonya Chetam, Tiffani Jones, Maxine Hawk, Kimberly Majors, Deputy Michael Brandon and Deputy Linton Dixon.

Thus, even though defense counsel's October 26, 2011 appearance (Doc. Ent. 7) lists a Corporal Jones and a Nurse Jones in the case caption, and even though defense counsel's electronic filing of defendants' matters indicates that those matters were filed on behalf of Wayne County Sheriff Deputy Corporal Jones (*see* Doc. Entries 7, 8 and 12), it appears that defendant Jones - the male Wayne County Sheriff Deputy Corporal - has yet to be served or appear.

3

County Jail Nurse Thomas, as well as John Does 1-4.  Upon receipt of identifying information, the U.S. Marshal is DIRECTED to effect service upon such defendants.  *If identifying information is not received, then these defendants will be dismissed from the case*."  Doc. Ent. 10 at 3 (emphasis added).

Plaintiff has not filed a response to the Court's May 21, 2013 order (Doc. Ent. 10).  To date, Wayne County Sheriff Deputy Corporal Jones and Wayne County Jail Nurse Thomas, as well as John Does 1-4, have yet to appear in this case.

**D.     Plaintiff's address of record seems to be incorrect.**

On June 20, 2011, when plaintiff filed the instant case, he was incarcerated at the MDOC's St. Louis Correctional Facility (SLF).  Doc. Ent. 1 at 1, Doc. Ent. 2.  Almost immediately, the Clerk's Office filed a notice regarding parties' responsibility to notify court of address change.  Doc. Ent. 3.

Even if the Clerk's Office had not filed its June 22, 2011 notice (Doc. Ent. 3), the Local Rules of this Court provide: "Every attorney and every party not represented by an attorney must include his or her contact information consisting of his or her address, e-mail address, and telephone number on the first paper that person files in a case. If there is a change in the contact information, that person promptly must file and serve a notice with the new contact information. The failure to file promptly current contact information may subject that person or party to appropriate sanctions, which may include dismissal, default judgment, and costs."  E.D. Mich. LR 11.2 ("Failure to Provide Notification of Change of Address").

4

When the Court issues an order, the Clerk of the Court routinely sends it to the parties' addresses of record.  If a party wishes to change his address of record, he must file a notice of change of address/contact information with the Clerk of the Court.

Since he initiated this case, plaintiff has not filed any documents.  According to the MDOC's Offender Tracking Information System (OTIS), plaintiff is currently incarcerated at Alger Correctional Facility (LMF) in Munising, a city in Michigan's upper peninsula.

Perhaps this is the reason the Court's May 21, 2013 and May 28, 2013 orders (Doc. Entries 10 and 11) mailed to plaintiff at SLF on May 28, 2013 were returned as undeliverable on the basis that forwarding had expired.  Doc. Ent. 14.[4]

## III.   __NOTICE TO PARTIES REGARDING OBJECTIONS:__

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sullivan*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Federation of Teachers Local 231, American Federation of Teachers, AFL-CIO*, 829

---

[4]On June 21, 2013, the Clerk of the Court issued another notice regarding parties' responsibility to notify court of address change.  Doc. Ent. 15.

F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/ Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: June 24, 2013

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon KENYATTA NALLS and Counsel of Record on this date.

Dated: June 24, 2013

s/ Lisa C. Bartlett
Case Manager

6