UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENYATTA NALLS (#230196),

    Plaintiff,

                              CASE NO. 2:11-CV-12670
                              JUDGE ARTHUR J. TARNOW
  v.                           MAGISTRATE JUDGE PAUL J. KOMIVES

BENNY N. NAPOLEON,
MICHAEL BRANDON,
LINTON DIXON,
TIFFANI JONES,
JACQUELYN FOSTER,
TONYA CHETAM,
JONES,
MAXINE HAWK,
KIMBERLY MAJORS,
THOMAS and
JOHN DOES 1-4,

    Defendants.
_____/

**ORDER GRANTING IN PART and DEEMING MOOT IN PART
PLAINTIFF'S APRIL 2014 MOTIONS TO COMPEL (Doc. Entries 29 and 34)**

**A.    Plaintiff filed his complaint against fourteen (14) defendants, one (1) of whom has been dismissed and seven (7) of whom have appeared.**

Kenyatta Nalls (#230196) is currently incarcerated at the MDOC's Carson City Correctional Facility (DRF).[1] On June 20, 2011, while incarcerated at the St. Louis Correctional Facility (SLF), Nalls filed the instant pro se prisoner civil rights complaint against fourteen (14) Wayne County defendants: Benny N. Napoleon, Brandon, Dixon, Jones, Foster, Chetam, Jones,

---

[1] *See* www.michigan.gov/corrections, "Offender Search."  However, plaintiff's address of record remains Alger Correctional Facility (LMF).  *See* Doc. Ent. 38 (Plaintiff's May 30, 2014 Reply).

Hawk, Majors, Thomas and John Does 1-4.  Doc. Ent. 1 at 1-2.  Two (2) of the John Does are described as Wayne County Sheriff Deputy Corporal Transportation Officers.  Doc. Ent. 1 at 2 ¶¶ 11-12.

The facts underlying the complaint stem from the alleged events of March 13, 2010 at the Wayne County Jail (WCJ), when plaintiff claims his left hand was smashed and crushed by his cell door, and continue through April 17, 2010.  Doc. Ent. 1 at 4-11 ¶¶ 1-73.  This includes the alleged events of April 2, 2010, when plaintiff claims he was transported to Harper Hospital.  *See* Doc. Ent. 1 ¶¶ 40-59.

The Court has dismissed one (1) defendant - Napoleon.  Doc. Ent. 5.  Seven (7) defendants - Jacquelyn Foster, Tonya Chetam, Tiffani Jones, Maxine Hawk, Kimberly Majors, Michael Brandon and Linton Dixon - have appeared.  *See* Doc. Entries 7 & 8.

To date, six (6) defendants - Wayne County Sheriff Deputy Corporal Jones and Wayne County Jail Nurse Thomas, as well as John Does 1-4 - have yet to appear.  *See* Doc. Ent. 1 at 2 ¶¶ 4, 10 & 11-14.

**B.    I have recommended dismissal of six (6) defendants.**

**1.**    On June 24, 2013, I entered a report (Doc. Ent. 16) recommending that the Court dismiss defendants Wayne County Sheriff Deputy Corporal Jones, Wayne County Jail Nurse Thomas and John Does 1-4 on the basis that they had not been adequately identified.

**2.**    On July 25, 2013, Judge Tarnow entered an order (Doc. Ent. 22) granting plaintiff's July 15, 2013 motion for enlargement of time (Doc. Ent. 20) within which to comply with my May 21, 2013 order (Doc. Ent. 10) setting deadline for plaintiff to identify six (6) defendants.  In so doing, Judge Tarnow wrote:

2

> Plaintiff will submit an amended complaint to the Court by October 18, 2013, naming the unnamed defendants identified by the Magistrate Judge's Order to Show Cause. If by this date Plaintiff has not identified said defendants, the Court will adopt the Magistrate Judge's Report & Recommendation and dismiss said defendants from the case.

Doc. Ent. 22 at 2.

On March 4, 2014, Judge Tarnow entered an order (Doc. Ent. 28) granting plaintiff's motion (Doc. Ent. 23) for enlargement of time to comply with the Court's order (Doc. Ent. 22) to file an amended complaint.

**3.**     On November 10, 2014, Judge Tarnow entered an order (Doc. Ent. 39) granting plaintiff's April 17, 2014 motion (Doc. Ent. 30) for an enlargement of time to comply with the Court's order (Doc. Ent. 28).  Plaintiff is now required to submit his amended complaint by February 5, 2015.

**C.**     **Plaintiff has filed two (2) motions to compel, the latter of which (Doc. Ent. 34) narrows the issues raised by the initial motion (Doc. Ent. 29).[2]**

**1.**     Judge Tarnow has referred this case to me to conduct pretrial matters.  Doc. Ent. 9.  On April 16, 2014, defendants served an unsigned copy of defendants' answers to plaintiff's second set of interrogatories to defendants.  *See* Doc. Ent. 31 at 1; Doc. Ent. 31-1.

**2**     On April 17, 2014, plaintiff filed a motion (Doc. Ent. 29) for entry of an order directing defendants to answer the second interrogatories (Nos. 5-7) served on February 14, 2014.  Doc. Ent. 29 at 1 ¶ 1, Doc. Ent. 29 at 3, 4.  Plaintiff explains that he cannot proceed with the filing of his amended complaint "until defendants answer Second Interrogatory Question #5 identifying by name two (2) Wayne County Deputy Sheriffs who are defendants."  Doc. Ent. 29 ¶ 4.

---

[2]The Court issued notices that these motions would be determined without oral argument. Doc. Entries 33 and 37.

Thus, it appears that plaintiff's initial motion and defendants' unsigned answers crossed each other in the mail. Defendants responded to the supplemental motion on April 18, 2014. Doc. Ent. 31. In part, they note that "[t]he names of the CTU (central transport unit) officers that plaintiff was seeking were highlighted in plaintiff's copy of the documents produced." Doc. Ent. 31 at 1. Specifically, there were twenty-two (22) such names: fourteen (14) individuals for the day shift and eight (8) individuals for the afternoon shift. *See* Doc. Ent. 31-1 at 7, 9.

**3.** On April 30, 2014, plaintiff filed a supplemental motion (Doc. Ent. 34) for an order directing defendants to answer the second interrogatories. Here, plaintiff's prayer for relief seeks entry of an order directing defendants to "provide full, true, candid answers to Second Interrogatory Questions #5 and #6; and to further impose any sanction this court deems appropriate." Doc. Ent. 34 at 5.

Thus, this order interprets the April 30, 2014 supplemental motion (Doc. Ent. 34) as narrowing the areas in dispute as set forth in the initial April 17, 2014 motion (Doc. Ent. 29). Defendants filed a response on May 7, 2014. Doc. Ent. 35. Attached to the response is a copy of defendants' May 7, 2014 supplemental answers to Interrogatories Nos. 5 and 6. Doc. Ent. 35-1.[3]

On May 30, 2014, plaintiff filed a reply. Doc. Ent. 38. Here, he asks the Court for entry of an order directing defendants to "provide names of the Wayne County Deputy Sheriffs who transported plaintiff on April 2, 2010, to a medical facility." Doc. Ent. 38 at 3.

**D.    Plaintiff's motions to compel (Doc. Entries 29 and 34) are granted in part and deemed moot in part.**

---

[3]Also attached to the response are portions of plaintiff's deposition testimony. Doc. Ent. 35-2; *see also* Doc. Ent. 36.

**1.     Interrogatory No. 5** states: "Jail Medical Records for Plaintiff Nalls indicate he was transported from the Jail to an outside medical facility for treatment on April 2, 2010. Identify the medical facility to which Plaintiff was transported, and also full names of the transporting deputies?" Doc. Ent. 29 at 4.

Defendants served an unsigned answer on April 16, 2014. Citing to specific records, defendants indicate that plaintiff was transported to the Harper Professional Building in Detroit, Michigan, which is part of the DMC. They also refer plaintiff to attached portions of an April 2, 2010 Division I Lieutenant's Report which identify CTU deputies, "any one of whom may have been involved in plaintiff's transport." Doc. Ent. 31-1 at 2-3.

In his April 30, 2014 supplemental motion, plaintiff takes issue with defendants' answer to Interrogatory No. 5. *See* Doc. Ent. 34 ¶ 4. Defendants' May 7, 2014 supplemental answer states:

> Defendants have made a diligent search of their records, including the Jail Inmate Management System records, but cannot determine the exact identity of the deputy(s) that transported Inmate Nalls to his medical appointment on April 2, 2010. Defendants rely upon the records previously produced to plaintiff, identifying all deputies that worked in the Central Transport Unit on April 2, 2010.

Doc. Ent. 35-1 at 4.

In his May 30, 2014 reply, plaintiff continues to take issue with defendants' answer to Interrogatory No. 5. It is plaintiff's position that defendants have not identified what they have done to identify the deputies. Doc. Ent. 38 at 1. Specifically, as to the twenty-two (22) names identified, plaintiff takes the position that "asking each one if he was involved with the transport could identify the correct individuals." Doc. Ent. 38 at 1. Plaintiff also suggests that defendants could narrow the field of possible names by checking the vehicle sign-out records, restraint sign-

5

out records, taking custody records, vehicle mileage log records, and/or medical facility records for prisoner treatment which might be signed by the transporting deputy. Doc. Ent. 38 at 1-2.

Finally, plaintiff contends that his complaint details how the transporting deputies "were deliberately indifferent to plaintiff's medical needs by <u>preventing</u> medical treatment for the hand injuries." Doc. Ent. 38 at 2. In other words, plaintiff contends, "[t]he identi[t]y of two (2) deputies who prevented plaintiff receiving medical treatment (deliberate indifference) is relevant to plaintiff's claims and must be produced[.]" Doc. Ent. 38 at 2-3.

Upon consideration, defendants' answer to Interrogatory No. 5 (Doc. Ent. 31-1 at 2-3), as supplemented on May 7, 2014 (Doc. Ent. 35-1 at 4), should be further supplemented to include the "names of the Wayne County Deputy Sheriffs who transported plaintiff on April 2, 2010, to a medical facility." Doc. Ent. 38 at 3.

**2.     Interrogatory No. 6** states: "During the times Plaintiff NALLS was a jail detainee, did jail wards maintain a log book or other record of visits by nurses, supervisors, or other persons?" Doc. Ent. 29 at 4. Defendants' April 16, 2014 unsigned answer states: "At the times relevant to plaintiff's lawsuit the Wayne County Sheriff's Office and the Jail Medical staff did maintain computer and paper records of nursing staff interactions with inmates and floor security staff interactions with inmates. The nursing staff interactions with Plaintiff are documents in Plaintiff's medical records, that have previously been produced." Doc. Ent. 31-1 at 3.

In his April 30, 2014 supplemental motion, plaintiff takes issue with defendants' answer to Interrogatory No. 6. Doc. Ent. 34 ¶ 5. Defendants' May 7, 2014 supplemental answer explains:

> The Wayne County Jail is not divided into "jail wards". Thus, "jail wards" did <u>not</u> maintain a log book or other records of visits by nurses, supervisors, or other

persons. The only record maintained by the Wayne County Sheriff's Office of "visits by nurses, supervisors, or other persons" to the secure floors in the jail, are maintained in the Inmate Management System.

Doc. Ent. 35-1 at 5.

The prayer for relief in plaintiff's May 30, 2014 reply is limited to obtaining the names of the transport officers (*see* Doc. Ent. 38 at 3), which was a subject of Interrogatory No. 5. Therefore, the Court assumes that plaintiff is satisfied with defendants' answer to Interrogatory No. 6 as supplemented on May 7, 2014 (Doc. Ent. 35-1 at 4-5). As a result, plaintiff's motions to compel (Doc. Entries 29 and 34) will be deemed moot to the extent they seek a further answer to Interrogatory No. 6.

**E.    Order**

Accordingly, plaintiff's April 17, 2014 and April 30, 2014 motions (Doc. Entries 29 and 34) are GRANTED to the extent they seek a further answer to Interrogatory No. 5 but are DEEMED MOOT to the extent they seek a further answer to Interrogatory No. 6. Defendants SHALL serve a further supplemental answer to Interrogatory No. 5 within fourteen (14) days of the date of this order.

IT IS SO ORDERED.

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

Dated: November 18, 2014            s/Paul J. Komives
                                    PAUL J. KOMIVES
                                    UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on November 18, 2014, electronically and/or by U.S. Mail.

                                            s/Michael Williams
                                            Case Manager for the
                                            Honorable Paul J. Komives