UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

KENYATTA NALLS,
        Plaintiff,         Civil Action No.: 11-12670
                                  Honorable Arthur J. Tarnow
v.                              Magistrate Judge Elizabeth A. Stafford

BENNY N. NAPOLEAN, *et al.*,

        Defendants.
_____/

## ORDER DENYING MOTION TO APPOINT [41] WITHOUT PREJUDICE

Before the Court is plaintiff Kenyatta Nalls' motion to appoint counsel. [41] Nalls, a prisoner proceeding *pro se*, filed his original complaint in June 2011 against a number of correctional officers and prison medical staff alleging deliberate indifference to a serious medical need arising out of an injury sustained to his hands when cell doors closed on them. His original complaint did not properly identify all defendants and a recommendation was made to dismiss them for failure to prosecute. [16]. Nalls moved to instead amend his complaint and the Court permitted discovery to ascertain the identities of the unidentified defendants. [22. 28, 30]. As a result, on January 6, 2015, Nalls filed a verified first amended complaint properly identifying all defendants. [42].

Nalls now seeks appointment of counsel, alleging that he is unable to

access the law library for a sufficient amount of time to prepare his case due to the prison's time limitations on law library use, as well as conflicts in his schedule due to a seven-day-a-week job detail.  He alleges that his case involves medically complex issues that require extensive medical research and investigation that he is unable to accomplish due to these limitations, as well as his lack of legal training.

Defendants respond, arguing that the sole issue here is whether they were deliberately indifferent to Nalls's serious medical needs, and that the only evidence required to answer this question is Nalls' own medical records.  Defendants state there are no complex medical issues that arise in the scope of this case, nor has Nalls shown that this case is more complex than the myriad other deliberate indifference cases that routinely come before the Court.  Finally, Defendants argue that Nalls has ably litigated this case for almost four years despite the limitations he alleges are preventing him from adequately accessing the Court.

Pursuant to 28 U.S.C. § 1915, "[t]he court *may* request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1) (emphasis added).  Although a district court is vested with broad discretion in determining whether to appoint counsel for an indigent civil litigant, appointment of such counsel is not a constitutional right.  Courts generally

do not appoint counsel in a civil case absent a showing of "exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 604-606 (6th Cir. 1993).  In order to make the determination the Court considers the type of case involved, the party's ability to represent himself, the complexity of the case, and whether the claims being presented are frivolous or have a small likelihood of success.  *Id.*

Having review Nalls' amended complaint and case filings to this point, and considering the relevant factors, the Court finds that Nalls has not shown exceptional circumstances meriting the appointment of counsel at this juncture.  As Defendants point out, Nalls has adequately litigated his own case for the past four years, including navigating discovery practice and identifying parties, despite the limitations imposed on his time by the prison.  Further, Nalls' amended complaint has yet to be tested for sufficiency under either Federal Rule of Civil Procedure 12(b)(6) or 56.  Thus, the immediate questions do not appear to involve issues of medical complexity and Nalls appears aptly capable of litigating his case at this point in time.  For these reasons, Nalls' motion to appoint counsel [41] is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Dated: January 21, 2015  　　　　　　　s/Elizabeth A. Stafford
Detroit, Michigan  　　　　　　　　　　ELIZABETH A. STAFFORD
　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S. C. §636(b)(1).

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 21, 2015.

　　　　　　　　　　　　　　　　　　　s/Marlena Williams
　　　　　　　　　　　　　　　　　　　MARLENA WILLIAMS
　　　　　　　　　　　　　　　　　　　Case Manager