UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

KENYATTA NALLS,
        Plaintiff,        Civil Action No.: 11-12670
                                            Honorable Arthur J. Tarnow
v.                                   Magistrate Judge Elizabeth A. Stafford

BENNY N. NAPOLEAN, *et al.*,

        Defendants.
_____/

## REPORT AND RECOMMENDAITON TO DISMISS CERTAIN OF PLAINTIFF'S CLAIMS *SUA SPONTE*

**I.    RECOMMENDATION**

On January 6, 2014, plaintiff Kenyatta Nalls filed a verified first amended complaint against a number of Wayne County Jail officers and medical staff, and named Defendants in their individual and official capacities. [42]. He seeks declaratory relief and monetary damages, and his claims for relief are not clear as to in which capacity he seeks which remedies. For the following reasons, the Court RECOMMENDS that, to the extent Nalls presents claims for monetary damages against Defendants in their official capacities, those claims should be DISMISSED *sua sponte* pursuant to 42 U.S.C. § 1997e(c) and 28 U.S.C. § 1915(e)(2)(B).

**II.    REPORT**

As a prisoner proceeding *in forma pauperis*, Nalls is subject to the

strictures of the Prison Litigation Reform Act ("PLRA"). Under the PLRA, the Court is required to dismiss *sua sponte* all or part of a complaint where the claims alleged seek monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(2). Here, Nalls is suing Defendants in both their individual and official capacities and certain of his claims for relief seek money damages. However, under the Eleventh Amendment, he may not maintain such a suit against jail employees in their official capacity, as such a suit is equivalent to an action against the State itself. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, the Court RECOMMENDS that Nalls's claims for monetary damages against Defendants in their official capacities be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915.

Dated: January 21, 2015              s/Elizabeth A. Stafford
Detroit, Michigan                    ELIZABETH A. STAFFORD
                                     United States Magistrate Judge

## **NOTICE TO THE PARTIES REGARDING OBJECTIONS**

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in**

**length and complexity to the objections**, but there is otherwise no page limitation.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 21, 2015.

s/Marlena Williams  
MARLENA WILLIAMS  
Case Manager