UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

KENYATTA NALLS,
        Plaintiff,        Civil Action No.: 11-12670
                                      Honorable Arthur J. Tarnow
v.                                    Magistrate Judge Elizabeth A. Stafford

BENNY N. NAPOLEAN, *et al.*,

        Defendants.
_____/

**<u>ORDER DENYING DEFENDANTS' MOTION
TO QUASH THIRD-PARTY SUBPOENA [R. 63]</u>**

Plaintiff Kenyatta Nalls, a prisoner proceeding *pro se*, brought this suit in 2011 against Wayne County Jail and a number of its employees (including nurses, correction officers and others), alleging deliberate indifference to his serious medical needs, in violation of the Eighth Amendment. After *sua sponte* dismissing one defendant, the Court ordered service on the remaining defendants. [R. 5]. Service was executed and the remaining defendants answered the complaint. [R. 8]. The case remained dormant until 2013, when the Court ordered Nalls to identify previously unidentified defendants, imposed a deadline for Rule 12(b)(6) motions, and granted a motion to take Nalls's deposition. [R. 10, 11, 12, 13]. However, no scheduling order was issued at this time.

Through additional discovery, Nalls learned of the identity of the

unidentified defendants, and moved after obtaining additional time, filed an amended complaint on January 6, 2015, properly identifying all defendants. [R. 22, 28, 39, 40, 42]. The following day the case was reassigned to the undersigned for all pretrial matters. After *sua sponte* dismissing certain defendants, the Court ordered service of the amended complaint on the remaining unserved defendants. [R. 48, 50].

On February 20, 2015, the remaining defendants ("Defendants") moved to dismiss Nalls's complaint or, in the alternative, for summary judgment, relying, in part, on his medical records from the time he was in Wayne County Jail. [R. 56]. Nalls sought and received an extension of time to respond to that motion, and his response is due on May 11, 2015. [R. 62]. In the interim, on March 12, 2015, Nalls issued a Federal Rule of Civil Procedure 45 subpoena to third-party Michigan Department of Corrections ("MDOC"), seeking his medical records for the period after his transfer to MDOC from Wayne County Jail. [R. 63-1]. Defendants, who were allegedly not served with a copy of the subpoena, were alerted to its existence by MDOC, and now move to quash it on the grounds that discovery has "effectively" closed and that it would not lead to the discovery of relevant evidence. [R. 63].

Generally, only the party or person to whom a subpoena is directed

has standing to move to quash it.  *Sys. Prods. & Solutions v. Scramlin*, No. 13-14947, 2014 U.S. Dist. LEXIS 109389, at \*20, 2014 WL 3894385 (E.D. Mich. Aug. 8, 2014).  This is true unless the party moving to quash demonstrates some "personal interest or claim of privilege" in the information sought.  *Mann v. Univ. of Cincinnati*, Nos. 95-3195; 95-3292, 1997 U.S. App. LEXIS 12482, at \*12-13, 1997 WL 280188 (6th Cir. May 27, 1997) *citing* 9A Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 2459 (1995).  Defendants do not assert that they have a personal interest or claim of privilege in Nalls's MDOC medical records, and thus they do not have standing under Rule 45 to challenge the relevancy of the information sought by the MDOC subpoena.

However, given the grounds asserted, the Court will construe Defendants' motion as one to limit discovery, and find that the Defendants have standing to object on that ground.  *See e.g. Thorn v. Novartis Pharm. Corp.*, No. 11-373, 2013 U.S. Dist. LEXIS 173959, at \*5-7, 2013 WL 6499473 (E.D. Tenn. Dec. 11, 2013) (construing motion to quash third-party subpoena as one to limit discovery, and plaintiff had standing to assert that argument.).  Nevertheless, Defendants' motion is without merit.

Defendants argue only that discovery "effectively" closed in November 2014.  [R. 63, PgID 536].  However, despite this case's long

history, no scheduling order was ever issued, and thus no date set for the conclusion of discovery. See Fed. R. Civ. P. 16(b)(2). In the absence of such an order, Nalls' subpoena cannot be deemed untimely. Moreover, since Nalls' amended complaint adding new defendants was not filed until January 2015, [R. 42], Defendants' contention that discovery should effectively be closed is without merit.[1]

For these reasons, the Court **DENIES** Defendants' motion to quash. [63].

**IT IS SO ORDERED**.

| | |
|---|---|
| Dated: April 22, 2015<br>Detroit, Michigan | s/Elizabeth A. Stafford<br>ELIZABETH A. STAFFORD<br>United States Magistrate Judge |

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S. C. §636(b)(1).

### CERTIFICATE OF SERVICE

---

[1] The Court will schedule a conference to establish a scheduling order forthwith.

4

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 22, 2015.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager
