UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

KENYATTA NALLS,

        Plaintiff,        Civil Action No.: 11-12670
                                 Honorable Arthur J. Tarnow
v.                              Magistrate Judge Elizabeth A. Stafford

BENNY N. NAPOLEAN, *et al.*,

        Defendants.
_____/

## ORDER GRANTING DEFENDANTS' MOTION TO STRIKE PORTIONS OF PLAINTIFF'S AMENDED COMPLAINT [R. 54]

On May 21, 2013, Magistrate Judge Komives entered an order requiring plaintiff Kenyatta Nalls, a prisoner proceeding *pro se*, to properly identify six unidentified defendants or risk their dismissal. [R. 10]. When Nalls did not timely comply, Judge Komives recommended dismissal of the six unidentified defendants. [R. 16]. Judge Tarnow subsequently granted Nalls multiple extensions in which to file an amended complaint identifying these defendants. [R. 22, 28, 39]. In the interim, discovery commenced and Nalls was deposed. [R. 13; 54, PgID 258-59].

Nalls filed his verified amended complaint on January 6, 2015, wherein he identified two of the six previously unidentified defendants. [R. 42]. In addition, however, he went beyond the confines of the Court's

order and amended the substance of his complaint to allege additional facts related to his claims of cruel and unusual punishment and deliberate indifference. [*Id.*]. Defendants move to strike the amended complaint to the extent that it goes beyond identifying previously unidentified parties and is either inconsistent with his deposition testimony or makes allegations not raised in his original complaint.[1] [R. 54]. Nalls did not respond to this motion.

A party may not attempt to create a genuine issue of material fact by offering a subsequent affidavit that contradicts his or her prior deposition testimony. *Biechele v. Cedar Point, Inc.*, 747 F.2d 209, 215 (6th Cir. 1984) (citation omitted). A verified complaint has the force of an affidavit for purposes of summary judgment. *See Lavado v.* Keohane, 992 F.2d 601, 605 (6th Cir. 1993). Therefore, any portion of Nalls's verified amended complaint that contradicts his prior deposition testimony should be stricken.

Furthermore, Judge Tarnow's orders did not give Nalls leave to amend the substantive allegations in his complaint, but only to identify previously unidentified parties in order to prevent their dismissal on technical grounds. [R. 22, 28, 39]. Nor did Nalls's motions for extension of

---

[1] Defendants also move to strike the remaining unidentified defendants. However, these defendants have already been terminated since they were not included in Nalls's amended complaint. [R. 47].

2

time request leave to amend his complaint in this manner. [R. 20, 23, 30]. At this stage of the case, Nalls must seek and receive leave of the Court to amend his complaint. Fed. R. Civ. P. 15(a)(2).

For these reasons, the Court **GRANTS** Defendants' motion **[R. 54]** and **STRIKES** Nalls's amended complaint except to the extent it identifies previously unidentified defendants. Thus, going forward, this Court will consider only the allegations contained in Nalls's original complaint as if they were those of his amended complaint, as applicable to the parties identified in the amended complaint.

**IT IS SO ORDERED**.

Dated: June 8, 2015  
Detroit, Michigan

s/Elizabeth A. Stafford  
ELIZABETH A. STAFFORD  
United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S. C. §636(b)(1).

### CERTIFICATE OF SERVICE

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 8, 2015.

                                      <u>s/Marlena Williams</u>
                                      MARLENA WILLIAMS
                                      Case Manager