UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

KENYATTA NALLS,

        Plaintiff,        Civil Action No.: 11-12670
                              Honorable Arthur J. Tarnow
v.                          Magistrate Judge Elizabeth A. Stafford

BENNY N. NAPOLEAN, *et al.*,

        Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION TO ENFORCE SUBPOENA [R. 64]

Plaintiff Kenyatta Nalls, a prisoner proceeding *pro se,* alleges that various officials associated with Wayne County Jail violated his constitutional rights in relation to his hands being broken and subsequent medical treatment when he was an inmate in that facility in March and April of 2010. [See R. 1, PgID 1-11]. Nalls purported to serve a subpoena on third-party Michigan Department of Corrections ("MDOC") seeking a copy of his medical records and inspection of the medical facility, and then moved this Court for an order requiring MDOC to comply with the portion of the subpoena involving his medical records. [R. 63-1, PgID 540; R. 64]. MDOC filed a response in objection to the motion. [R. 78]. Due to the significant and unnecessary expense that would result from requiring

MDOC to comply with the subpoena, Nalls's motion to enforce is **DENIED**.

Nalls attempted to serve the subpoena by attaching it to a "Health Care Request" and placing it on the mailbox of the Health Care Services at the Carson City Correction Facility. [See R. 78-2, PgID 598-99]. He did not direct the subpoena to MDOC, rather, he directed it to himself. [*Id.* at PgID 599]. Nalls commanded the production of "prisoner's complete health care file, including x-rays, diagnostic reports, test and treatment plans etc.," and that production of those records be effectuated by March 18, 2015. [*Id*]. The subpoena is dated February 20, 2015, [*Id.*], but Nalls has not disputed MDOC's claim that it was not placed onto the mailbox until March 12, 2015. [R. 78, PgID 587].

On March 17, 2015, the Health Information Manager responded to the subpoena by indicating that a more precise description of the request was necessary. [R. 78-3, PgID 603]. She wrote, "Do you have a time frame for the records you need? . . . They cost .25 per page so it would be costly to have everything copied." [*Id*]. MDOC specifies that "the estimated count is 404 pages for the incarcerations lasting 3/29/1993 to 5/5/2009 and 284 pages for the incarcerations lasting 10/4/10 to present (as of 6/23/15)." [R. 78, PgID 593]. Instead of responding to clarify the breadth of his request, Nalls filed the instant motion to enforce.

Pursuant to Federal Rule of Civil Procedure 45(d)(1), "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."  Additionally, Rule 45(d)(2)(B) allows a party served with a subpoena to serve an objection within fourteen days.  If the commanding party thereafter files a motion to enforce compliance with the subpoena, any resulting court order "must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance."  Rule 45(d)(2)(B)(ii).

Here, Nalls violated his duty to take reasonable steps to avoid imposing an undue burden or expense on MDOC.  *Topolewski v. Quorum Health Res., LLC*, No. 3:10-1220, 2013 WL 99843, at *3 (M.D. Tenn. Jan. 8, 2013) (subpoena is overbroad and would cause undue burden when it seeks material of little apparent relevance).  Despite MDOC's notification to Nalls in its initial response to his subpoena and in its response to his motion that producing all of his medical records would be costly, Nalls has made no attempt to provide any limits to his request.

The approximate $170 cost of copying might not have been considered an undue expense if the materiality of the subpoena request were manifest.  However, the events at issue took place in Wayne County

Jail rather than in a MDOC facility, and Nalls is requesting records covering years of imprisonment that are outside of the time period at issue in his complaint, so there is little apparent relevance to his request for his MDOC medical records. *See id.* ("A literal reading of the items requested in the Subpoena would require Mr. Williams to produce documents that have absolutely nothing to do with the issues in this lawsuit."). Moreover, when notified of the cost, Nalls did not agree to pay them, and he has no right to require MDOC to bear his costs in this litigation. *Johnson v. Hubbard*, 698 F.2d 286, 288-89 (6th Cir. 1983) (the "right to access" the courts does not require waiver of associated litigation fees).

Inasmuch as this Court has a duty to protect MDOC, a nonparty, from the undue expense that would result from complying with the subpoena, it must **DENY** Nalls's motion [R. 64].[1]

**IT IS SO ORDERED**.

Dated: August 5, 2015                s/Elizabeth A. Stafford
Detroit, Michigan                    ELIZABETH A. STAFFORD
                                     United States Magistrate Judge

---

[1] The Court, however, disagrees with MDOC's argument that the subpoena is void because Nalls did not properly serve it. The Sixth Circuit has not held that personal service is required; courts have held that service is effective as long as it reasonably assures actual receipt; and MDOC was not prejudiced by Nalls's method of service. *Vaughan v. City of Shaker Heights*, No. 1:10 CV 609, 2013 WL 4758028, at *4 n. 4 (N.D. Ohio Sept. 4, 2013) (collecting cases).

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S. C. §636(b)(1).

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 5, 2015.

                                                      s/Marlena Williams
                                                     MARLENA WILLIAMS
                                                     Case Manager