UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

KENYATTA NALLS,

        Plaintiff,        Civil Action No.: 11-12670
                               Honorable Arthur J. Tarnow
v.                            Magistrate Judge Elizabeth A. Stafford

BENNY N. NAPOLEAN, *et al.*,

        Defendants.
_____/

## ORDER DENYING MOTION TO AMEND COMPLAINT [R. 79]

More than four years after filing his original complaint, Plaintiff Kenyatta Nalls has filed a motion to amend his complaint, requesting to revert back to the original complaint after a prior amendment was stricken and seeking to add a retaliation claim against Defendant Tango Cheatham within the next sixty days. [R. 79, PgID 605-06]. Defendants object to the motion. [R. 80].

The Court will deny Nalls's motion to amend. First, his filing is deficient because Eastern District of Michigan Local Rule 15.1 states, "Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must, except by leave of court, reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference." Nalls's failure to reproduce the entire pleading as amended

runs afoul of this rule; his request to add a retaliation claim at a later date is insufficient.  Additionally, since Nalls has not articulated the amendments to the retaliation claim against Cheatham that he seeks, the Court cannot evaluate whether or not they would be futile.  A court should deny a motion to amend "if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party or would be futile." *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Furthermore, Nalls's request to amend his complaint to enhance his retaliation claims against Cheatham comes far too late.  As noted by Defendants, Nalls already asserted retaliation claims against Cheatham in his original complaint, and they reveal that his interaction with Cheatham took place in April 2010.  [R. 1, PgID 10-11, ¶¶ 68-73].  Nalls has had ample time to fully articulate his retaliation claims against Cheatham, but he waited over four years after filing that original complaint, on the eve of the conclusion of discovery (July 8, 2015), to seek the instant amendment.  The Court agrees with Defendants that Nalls is likely seeking to amend his complaint in response to their now-withdrawn motion for summary judgment, which asserted that Nalls was consistently provided with medication during the time period in which he alleged that Cheatham was

retaliating by denying him medication. [R. 56, PgID 608-09].[1] Under these circumstances, granting Nalls motion to amend would result in undue delay and prejudice Defendants. *Baker v. Holder*, No. 06-CV-91-HRW, 2010 WL 1334924, at *7 (E.D. Ky. Mar. 30, 2010) (denying motion to amend complaint in four-year-old case after motion for summary judgment was filed because granting amendment would prejudice defendants) (collecting cases).

Furthermore, no order is needed for Nalls to revert back to his original complaint because the Court indicated in its order granting Defendants' motion to strike that, "going forward, this Court will consider only the allegations contained in Nalls's original complaint as if they were those of his amended complaint, as applicable to the parties identified in the amended complaint." [R. 75, PgID 580].

For these reasons, the Court **DENIES** the motion to amend. [R. 79].

**IT IS SO ORDERED**.

Dated: August 5, 2015  s/Elizabeth A. Stafford
Detroit, Michigan  ELIZABETH A. STAFFORD
United States Magistrate Judge

---

[1] Defendants withdrew the motion only because the Court allowed further discovery given the prior absence of a scheduling order cutting off discovery. [R. 70; R. 73]

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S. C. §636(b)(1).

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 5, 2015.

>   s/Marlena Williams
>   MARLENA WILLIAMS
>   Case Manager