UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

KENYATTA NALLS,

        Plaintiff,        Civil Action No.: 11-12670
                            Honorable Arthur J. Tarnow
v.                            Magistrate Judge Elizabeth A. Stafford

BENNY N. NAPOLEON, *et al*.

        Defendants.
_____/

## REPORT AND RECOMMENDATION THAT DEFENDANTS MOTION FOR SUMMARY JUDGMENT [R. 84] BE GRANTED

### I.    INTRODUCTION

Plaintiff Kenyatta Nalls brings this action under 42 U.S.C. § 1983, alleging cruel and unusual punishment and deliberate indifference to his serious medical needs.[1] Defendants move for summary judgment, arguing that Nalls fails to raise a genuine issue of material fact as to whether any of the defendants exhibited deliberate indifference toward him. The Court agrees and **RECOMMENDS GRANTING** Defendants' Motion for Summary Judgment [R. 84].

### II.    BACKGROUND

---

[1]The Honorable Arthur J. Tarnow referred this case for all pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A) and (B).

Nalls' claims stem from an incident occurring on either March 12 or 13,[2] 2010, in which his hands were crushed by the mechanical door of his cell. [R. 1, PgID 4-11; R. 84, PgID 644]. He alleges that defendants exhibited deliberate indifference toward him during and after the injury [*Id.*].

Nalls' amended complaint was stricken to the extent that it went beyond naming additional and previously unknown defendants. [R. 42; R. 75]. Therefore, the allegations contained within the originally filed complaint are operative in this matter, but they are construed as applicable against the defendants in the amended complaint. [R. 1; R. 42]. The defendants named in the amended complaint are Wayne County Sheriff Benny N. Napoleon, Deputy Michael Brandon, Deputy Linton Dixon, Nurse Tiffany Jones, Social Worker Jacquelyn Foster, Nurse Tango Cheatham, Nurse Maxine Hawk, Nurse Kimberly Majors, Nurse Vanessa M. Thomas, Deputy David Andreski, and Deputy Aaron Cohen [R. 42]. The claims against Napoleon and against the remaining individual defendants in their official capacities have been dismissed. [R. 5; R. 50].

### III.   ANALYSIS

**A. Wayne County**

---

[2] Nalls claims the injury occurred on March 13th [R. 1, PgID 4], but defendants have produced evidence suggesting that the injury occurred on March 12th [R. 84-3, PgID 732].

Defendants argue that Wayne County cannot be liable under 42 U.S.C. §1983 because Nalls does not plead or provide evidence for any unconstitutional policy, practice, or custom carried out by the municipality, as required by *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978) [R. 84, PgID 640-43]. The Court notes that Wayne County is not a named defendant in this matter. While it is true that "official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent," [*Id.* at 690 n.5], that does not make Wayne County a party to this case. Furthermore, defendant Napoleon and all other defendants in their official capacities have been dismissed from this matter.  [R. 5, R. 50]. Thus, liability against Wayne County is not a matter in dispute.

### B. Individual Defendants

Under Rule 56, "[t]he moving party has the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-moving party's case." *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 452-53 (6th Cir. 2001). If the movant satisfies its burden to show that there is no genuine dispute as to any material fact there is no material fact, the burden shifts to the non-moving party to go beyond the pleadings and set forth specific facts showing a genuine issue for trial. 477 U.S. 317, 324

(1986); *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001). The opposing party "may not 'rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact' but must make an affirmative showing with proper evidence in order to defeat the motion." *Alexander*, 576 F.3d at 558 (quoting *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989)). "'The failure to present any evidence to counter a well-supported motion for summary judgment alone is grounds for granting the motion.'" *Id.* (quoting *Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009)). "Conclusory statements unadorned with supporting facts are insufficient to establish a factual dispute that will defeat summary judgment." *Id.* at 560 (citing *Lewis v. Philip Morris, Inc.*, 355 F.3d 515, 533 (6th Cir. 2004)).

In deciding a summary judgment motion, the Court must view the factual evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88(1986); *McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). Viewing the evidence in a light most favorable to Nalls, the Court finds that he has not presented a genuine issue of material fact to support his claim that he suffered cruel and unusual punishment by Defendants.

4

### *1. Deliberate Indifference to Serious Medical Needs*

The Eighth Amendment's Cruel and Unusual Punishment Clause prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain" upon inmates. *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (internal citations omitted). "'Deliberate indifference' by prison officials to an inmate's serious medical needs constitutes 'unnecessary and wanton infliction of pain' in violation of the Eight[h] Amendment's prohibition against cruel and unusual punishment." *Miller v. Calhoun Cty.*, 408 F.3d 803, 812 (6th Cir. 2005) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). Although Nalls was a pretrial detainee and the Eighth Amendment protections did not apply to him, he enjoyed the same protections under the Due Process Clause of the Fourteenth Amendment. *Miller v. Calhoun Cty.*, 408 F.3d 803, 812-13 (6th Cir. 2005).

As the Sixth Circuit recently explained, the standards that a plaintiff must satisfy to state a claim for deliberate indifference to his serious medical needs include both an objective and a subjective component: the plaintiff must show the "existence of a sufficiently serious medical need" and also that the defendant disregarded that need with a "'sufficiently culpable state of mind,' rising above negligence or even gross negligence and being 'tantamount to intent to punish.'" *Broyles v. Correctional Medical*

*Servs., Inc.*, 478 Fed. Appx. 971, 975 (6th Cir. 2012) (internal citations omitted).

The objective component is satisfied where the seriousness of the need for medical care would be obvious even to a lay person. *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899 (6th Cir. 2004). Here, the injuries are undisputed and there are voluminous medical records pertaining to the treatment of injuries, including the need for pain and anti-inflammatory medication and plastic surgery (described more fully below).  This "obviousness is itself sufficient to satisfy the objective component of the adequate medical care test." *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005). As to the subjective component, there is no material factual dispute that could lead a reasonable jury to find that Defendants were deliberately indifferent to Nalls' medical needs. Defendants present evidence that the injuries to Nalls occurred on March 12, 2010 [R. 84-2, PgID 661-62]; that his condition was assessed by a nurse on that same day [R. 84-3, PgID 732]; that he was assessed again by a nurse three days later [*Id.* at PgID 708, 732]; that he was seen by a doctor five days after the injury, receiving x-rays of both hands and being prescribed pain medication [*Id.* at PgID 690, 692, 708, 710, 730, 732; R. 84-4]; that he was referred for surgery [R. 84-3, PgID 708]; that from May 25, 2010 to August 4, 2010, he

received fairly extensive care, including physical therapy and rehabilitation [R. 84-2, PgID 664; R. 84-3, PgID 674-82, 752-57], examinations [R. 84-3, PgID 695-97], and pain and anti-inflammatory medication [R. 84-4]; and that though some issues remained, his fractures were healed, as noted in late July [R. 84-3, PgID 736] and early August [*Id.* PgID 750]. This evidence negates Nalls' allegation that the jail officials were deliberately indifferent to the injuries to his hands.[3]

    Even accepting as true Nalls' allegations, he does not establish deliberate indifference. He alleges that, without a prior announcement, his hand "was trapped in the cell bars, when the cell doors were suddenly opened" which resulted in the "crushing" of his hand. [R. 1, PgID 4]. He says that he "screamed for the Deputy to stop the doors, but they continued opening" [*Id.*] and that "[t]he wards are designed so that deputies can hear an inmates [*sic*] cries and needs for assistance or help" [*Id.*, PgID 5]. Nalls claims that, after pulling his hands free, he "called to the deputies for help for what seemed like a long time." [*Id.*] Yet, in his deposition, Nalls denied alleging that the deputy knew his hand was in the door, and faulted the

---

[3] Defendants' comment that Nalls' treatment was "at taxpayer expense" is not well-taken. [R. 84, PgID 648]. "[I]t is but just that the public be required to care for the prisoner, who cannot by reason of the deprivation of his liberty, care for himself." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (quoting *Spicer v. Williamson*, 191 N.C. 487, 490 (1926)).

7

deputy only for not making an announcement beforehand. [R. 84-2, PgID 661]. These facts suggest negligence at most.

Nalls claims that various nurses and deputies denied him any care for his hands from March 13 to 16 (contrary the records showing otherwise), but he acknowledges having his hands x-rayed on March 17 [R. 1, PgID 5-6]. He alleges that he did not receive pain medication until March 20, but the defendants provide evidence that he was prescribed "Tylenol #3" on March 17 [R. 84-3, PgID 710, R. 84-4]. Other than slight deviations in the specific dates on which events occurred, Nalls' allegations relating to inadequate medical care do not differ substantially from the facts defendants put forth, supported by evidence, in their brief. Even if the treatment of Nalls' hands was delayed as he alleges, he has failed to present evidence to establish a deliberate indifference claim. That is because "an inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of the delay." *Loukas v. Gundy*, 70 F. App'x 245, 247 (6th Cir. 2003) (citing *Napier v. Madison County, Ky.*, 238 F.3d 739, 742 (6th Cir.2001)). Nalls has presented none.

Thus, viewing the factual evidence and drawing all reasonable inferences in the light most favorable to the non-moving party, there is no

genuine issue of material fact that Defendants were deliberately indifferent to Nalls' serious medical need.

### *2. Other Allegations of Cruel and Unusual Punishment*

Nalls makes other claims of unjustified infliction of pain that do not relate to his medical care and that defendants do not address. Nevertheless, the Court has an obligation under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to examine and dismiss complaints *sua sponte* when they fail to state a claim, are frivolous, or seek monetary relief from immune defendants. *In re Prison Litig. Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997).

Nalls first allegation of unjustified infliction of pain is that Dixon required him to carry his mattress an unspecified distance even though Nalls had explained that his hands were injured, causing Nalls to break down and cry. [R. 1, PgID 7]. Secondly, Nalls alleges that Brandon required him to remove the cast from his hand, which was painful and resulted in the case being unable to be replaced correctly. [*Id.*, PgID 9-10].

Although these allegations are troubling, they do not rise to the level of "unnecessary and wanton infliction of pain." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). Such a finding requires evidence that "(1) a single, identifiable necessity of civilized human existence is being denied

(objective prong) and (2) the defendant prison official acted with a sufficiently culpable state of mind." *Hadix v. Johnson*, 367 F.3d 513, 525 (6th Cir. 2004). To satisfy the first prong, "extreme deprivations are required," *Id.* (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)), and "only deprivations denying 'the minimal civilized measure of life's necessities' are grave enough to create a violation of the Cruel and Unusual Punishment Clause." *Id.* (citing *Rhodes*, 452 U.S. at 347).

"The unjustified infliction of bodily injury upon a prisoner by a correctional official can give rise to liability under 42 U.S.C. § 1983," but it must be conduct that shocks the conscience and be "punishment" under the Eighth Amendment. *Dillon v. Wilson*, 935 F.2d 269, *1 (6th Cir. 1991) (unpublished) (citing *Franklin v. Aycock*, 795 F.2d 1253 (6th Cir. 1986)). In *Dillon*, a prison guard was accused of pulling a chair out from under the plaintiff, causing injuries to his back. *Id.* The court ruled that such conduct did not shock the conscience and was not part of a pattern that constituted punishment. *Id.* at *2.

The *Dillon* court relied on *Johnson v. Glick*, 481 F.2d 1028 (2nd Cir. 1973), *overruled on other grounds by Graham v. Connor*, 490 U.S. 386 (1989). In *Johnson*, a prison officer allegedly rushed into plaintiff's holding cell, "grabbed him by the collar and struck him twice on the head with

10

something enclosed in the officer's fist" while threatening to kill the plaintiff. *Id.* at 1029-30. In an attempt to define the ill-defined line that separates improper conduct from that which is constitutionally actionable, the *Johnson* court explained:

> The management by a few guards of large numbers of prisoners, not usually the most gentle or tractable of men and women, may require and justify the occasional use of a degree of intentional force. Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights. In determining whether the constitutional line has been crossed, a court must look to such factors as the need for the application of force, the relationship between the need and the amount of force that was used, the extent of injury inflicted, and whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.

*Id.* at 1033 (2d Cir. 1973). With that in mind, the court did not find an Eighth Amendment violation because, "although a spontaneous attack by a guard is 'cruel' and, we hope, 'unusual,' it does not fit any ordinary concept of 'punishment.'" *Id.* at 1032.

If true, the conduct that Nalls describes would have been cruel and seemingly unnecessary. Nonetheless, Nalls' allegations do not rise to a constitutional level because they do not suggest conduct that was malicious and sadistic, or for the purpose of causing harm. Nor does Nalls describe a pattern of conduct that fits the ordinary concept of punishment.

The Court finds that judgment should be granted in favor of defendants Dixon and Brandon.

## IV. CONCLUSION

For the foregoing reasons, it is recommended that Defendants' Motion for Summary Judgment [R. 84] be **GRANTED**.

                                          s/Elizabeth A. Stafford
                                          ELIZABETH A. STAFFORD
                                          United States Magistrate Judge

Dated: January 15, 2016

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection

must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 15, 2016.

                                        s/Marlena Williams
                                        MARLENA WILLIAMS
                                        Case Manager