UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KENYATTA NALLS,<br><br>Plaintiff,<br><br>v.<br><br>BENNY N. NAPOLEON, ET. AL.,<br><br>Defendant.<br>_____/ | Case No. 11-12670<br><br>SENIOR UNITED STATES DISTRICT JUDGE ARTHUR J. TARNOW<br><br>MAGISTRATE JUDGE ELIZABETH A. STAFFORD |

**ORDER ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION [94]; GRANTING IN PART AND DENYING IN PART DEFENDANTS' RENEWED MOTION FOR SUMMARY JUDGMENT [84]**

On August 6, 2015, all Defendants filed a renewed Motion for Summary Judgment [84]. On December 4, 2015 Plaintiff filed a response to the Motion for Summary Judgment [93]. On January 15, 2016, the Magistrate filed a Report and Recommendation, which recommended that the Court grant Defendants' Motion for Summary Judgment. Plaintiff did not file any objections. For the reasons stated below, Defendants' Motion for Summary Judgment is **GRANTED in part** and **DENIED in part.**

1

1. **STATEMENT OF FACTS**

Plaintiff's claims stem from an incident that occurred on either March 12 or March 13, 2010[1] when Plaintiff was a pretrial detainee. While in pretrial detention, Plaintiff was being moved to a different ward in the Wayne County Jail. On either March 12 or March 13, Plaintiff was awoken by extreme pain when his left hand was crushed by the bars of the cell door.

According to medical evidence presented by Defendants, Plaintiff's condition was assessed by a nurse on the same day that the injury occurred, accessed by a nurse three days later, and seen by a doctor five days after the injury occurred. He also received pain medication, an x-ray, and a referral for surgery. [84-3 at 62, 38, 20, 22, 40, 60, 62; 84-4]. Plaintiff alleges that, on a visit to see an orthopedic doctor on April 2, 2010, Defendants Andreski and Cohen told the doctor that they did not have time to wait for x-rays and asked that no treatment be provided that day [1 at ¶47, 49-50]. Despite these alleged requests, Plaintiff did in fact receive medical treatment that day. [1 at ¶48]. From May 25, 2010-August 4, 2010, Plaintiff received medical care that included physical therapy, rehabilitation, examinations and pain and anti-inflammatory medication that resulted in the

---

[1] Plaintiff avers that the incident took place on March 13 while Defendants have presented medical evidence to suggest that the injury occurred on March 12 [84-3 at 62].

healing of Plaintiff's fractures by late July or early August. [84-2 at 30-31; 84-2 at 4-12, 82-87, 25-27, 66, 80; 84-4].

Plaintiff also alleges that, on March 19, 2010, he was called to go to Court and Defendant Dixon told him to grab his linen and mattress. When Plaintiff explained to Dixon that he had broken bones in his hands and was unable to carry the mattress but could carry the linens, the Defendant told him he did not care if he had ten broken hands and ordered Plaintiff to lift the mattress. When he lifted the mattress he experienced extreme pain and Defendant Dixon did not make any attempt to take the mattress from Plaintiff, instead forcing him to carry the mattress an unspecified distance. Additionally, on April 7, 2010, Plaintiff alleges that, as he was returning to Ward 401, Defendant Brandon was searching Ward 402. Defendant Brandon stopped Plaintiff and ordered him to remove all clothing and also ordered Plaintiff to remove his temporary cast and finger splint on his hands. The removal of this cast by Plaintiff caused him pain as he had to inexpertly pry his cast off, resulting in Plaintiff not being able to have his cast properly replaced after the search.

2. **STANDARD OF REVIEW**

This Court reviews objections to an R&R on a dispositive motion *de novo*. *See* 28 U.S.C. § 636(b)(1)(c). Summary judgment is appropriate "if the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party has the burden of establishing that there are no genuine issues of material fact, which may be accomplished by demonstrating that the nonmoving party lacks evidence to support an essential element of its case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must construe the evidence, and all reasonable inferences drawn therefrom, in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A genuine issue for trial exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

### 3. ANALYSIS

Plaintiff's amended complaint was stricken with respect to new factual allegations per the Order, and the naming of additional and previously unknown defendants is the only substance of the Amended Complaint that remains. [75]. Therefore, the allegations in the original complaint [1] are relevant to Defendants' Motion, but these allegations are construed as being applicable to the Defendants as named in the amended complaint [42]. The Defendants named in the amended

complaint include Wayne County Sheriff Benny N. Napoleon, Deputy Michael Brandon, Deputy Linton Dixon, Nurse Tiffany Jones, Social Worker Jacquelyn Foster, Nurse Tango Cheatham, Nurse Maxine Hawk, Nurse Kimberly Majors, Nurse Vanessa M. Thomas, Deputy David Andreski, and Deputy Aaron Cohen [42]. The claims against Napoleon, and against the remaining individual defendants in their official capacities, have been dismissed. [5; 69].

### a. WAYNE COUNTY

Defendants argue that Wayne County cannot be liable under 42 USC §1983 because Plaintiff has not shown that the County had an unconstitutional policy or that an unconstitutional policy that caused Plaintiff's harm as required by *Monell v. Depoartment of Social Services*, 436 U.S. 658 (1978) [84].

The Court agrees with the Report and Recommendation that this point is moot, since Wayne County is not a party to this case, and all claims against Defendants that were previously brought against Defendants in their official capacities have been dismissed in this matter by Order [5; 69]. Therefore, liability against Wayne County is not in dispute and the Motion for Summary Judgment on this issue is denied as moot.

### b. DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS

Prison medical providers violate the Eighth Amendment when they act with deliberate indifference to prisoners' serious medical needs. *Santiago v. Ringle*, 734 F.3d 585, 590 (6th Cir. 2013) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). A deliberate indifference claim has both an objective prong and a subjective prong. *Id.* (citing *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001)). The Sixth Circuit has recently summarized the objective prong as follows:

> The objective component requires a plaintiff to prove a sufficiently serious medical need, which is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. If the plaintiff's claim, however, is based on the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious, the plaintiff must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment.

*Id.* (internal citations and quotation marks omitted). To satisfy the subjective prong, a plaintiff must show that defendant "(1) subjectively perceived facts from which to infer substantial risk to the prisoner, (2) did in fact draw the inference, and (3) then disregarded that risk." *Id.* at 591 (quoting *Comstock*, 273 F.3d at 703). To prove the subjective prong, Plaintiff must show that Defendants had a "'sufficiently culpable state of mind,' equivalent to criminal recklessness." *Id*

6

*(citing Farmer v. Brennan*, 511 U.S. 825, at 834, 839–40 (1970) (internal quotation marks omitted).

The Court agrees with the Report and Recommendation that Plaintiff cannot present a triable issue surrounding any of his allegations of deliberate indifference to his serious medical needs. While objectively the Plaintiff has indisputedly proven that his injury was sufficiently serious to require medical care, there are no material facts in dispute that could lead a reasonable factfinder to conclude that Defendants were deliberately indifferent to his medical needs.

When his injury occurred, Plaintiff admitted in his deposition that the deputy did not know his hand was trapped in the door, and merely faulted him for not making an announcement that the door was being opened, and thus causing his injury. This does not show deliberate indifference. Since the deputy was not aware at the time of injury that Plaintiff was injured, he could not have been indifferent. Additionally, while it is alleged that Defendants Andreski and Cohen told the Nurse that there was no time for medical treatment, the medical treatment still occurred, there was no delay, and there are no facts alleged that there was a sufficiently culpable mindset for the two Defendants.

Moreover, there is medical evidence presented that Plaintiff was assessed by a nurse on the day of the injury and again three days later. Within five days of the

7

accident he was seen by a doctor and received x-ray and pain medication. Additionally, his treatment continued for months, with physical therapy, rehabilitation, and continued prescription of pain and anti-inflammatory medications to treat the injury. Therefore, there is no dispute that Plaintiff was treated for his injury quickly without any substantial risk towards Plaintiff.

Because Plaintiff was treated medically, if he were to prevail on a claim of deliberate indifference, it would have had to be based on inadequate treatment. This type of deliberate indifference claim requires, as stated above, that "the plaintiff must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Santiago,* 734 F.3d at 590. Plaintiff has provided no such evidence. The only medical evidence in the record demonstrates that Plaintiff's fractures were almost entirely healed, with only a few issues remaining, such as lingering soreness, by August 2010.

The facts as viewed in the light most favorable to the Plaintiff establish that, once the injury occurred and was discovered, Plaintiff received continual medical care from the date of injury until August 2010. Therefore, the Court agrees with the Report and Recommendation that there is no genuine issue of material fact that Defendants were deliberately indifferent to Plaintiff's medical needs, and the Motion for Summary Judgment is granted as to these claims.

### c. CRUEL AND UNUSUAL PUNISHMENT ALLEGATIONS AGAINST DEFENDANTS DIXON AND BRANDON

As the Report and Recommendation states, Plaintiff raises claims of unjustified infliction of pain that do not relate to his medical care. Defendants did not address these allegations in their response, but the Court has an obligation to examine these allegations to see if they state a viable claim. *In re Prison Litg. Reform Act*, 105 F. 3d 1131, 1134 (6th Cir. 1997) (citing 28 U.S.C. §1915(e)(2)(B) and 28 U.S.C. §1915A).

Plaintiff's remaining allegations include statements that Defendant Dixon ordered him to carry his mattress an unspecified distance despite Plaintiff telling him that he was unable to because of his hand injury, resulting in intense pain. Upon seeing Plaintiff crying in pain while moving the mattress, Dixon allegedly did nothing to remedy the situation, and continued to force him to move the mattress. The other allegation concerns Defendant Brandon requiring Plaintiff to remove his own cast while he was returning to his ward following a medical appointment. Brandon, who was performing a search of a different ward from the one to which Plaintiff was headed, stopped Plaintiff, and forced him to strip down and to remove his own cast. The removal of the cast was painful and prevented it from being correctly replaced. These facts are alleged to support a claim that

9

Defendants Dixon and Brandon violated Plaintiff's Eighth Amendment right to be protected from unnecessary and wanton infliction of pain. *Barker v. Goodrich*, 649 F.3d 428, 434 (6th Cir. 2011).

To sustain this claim, Plaintiff must show both objective and subjective deliberate indifference. *Villegas v. Metro. Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir. 2013). The 6th Circuit has held that the objective component:

> first demands a showing that the detainee faced a substantial risk of serious harm…The objective component further requires a court to assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency— that is, it is not one that today's society chooses to tolerate.

*Id* (citations omitted).

To prove the subjective component, a Plaintiff must show that the Defendant's state of mind was sufficiently culpable, or that the "official knows of and disregards the substantial risk of serious harm facing the detainee." *Id.* "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837 (1970). "Direct evidence about a defendant's knowledge is not necessary," but "the knowledge aspect of the subjective component can be inferred from the obviousness of the harm stemming from the risk." *Villegas v. Metro. Gov't of Nashville*, 709 F.3d 563, 569 (6th Cir. 2013). Specific to an Eighth

Amendment excessive force claim, the inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id* at 570.

Plaintiff has alleged facts that a reasonable factfinder could find to constitute excessive force. First, having a fractured hand and being ordered to move heavy objects, and further being ordered to remove your cast by a person who knows that your hand is broken, could be found to violate contemporary standards of decency. This is especially true in this case since, according to the facts presented by Plaintiff, there was absolutely no justification for these actions. Defendants were not trying to stem any unrest or restore discipline. Instead, Defendants, who were aware of Plaintiff's injury either as a result of observing the cast or from Plaintiff's informing them of its existence, required him to perform tasks that caused extreme pain and could significantly have delayed or harmed the healing of his fracture. There was no discernible peniological or institutional objective to the actions of Defendants, and instead their acts could reasonably be seen as an effort to inflict pain with malicious intent.

Finally, the R&R states that these claims must be dismissed because the claims fail to allege "a pattern of conduct that fits the ordinary concept of punishment." [94 at 11]. The R&R cites *Dillon v. Wilson*, 935 F. 2d 269 (6th Cir.

11

1991), which relied on a 2nd Circuit case, *Johnson v. Glick*, 481 F. 2d 1028 (2nd Cir. 1973) to support this proposition. However, the 6th Circuit explicitly repudiated this decision in *Pelfrey v. Chambers,* which reversed a lower court holding that a spontaneous assault on a prisoner does not state a cognizable claim under the Eighth Amendment because it is not considered "punishment." Thus the court has categorically rejected the contention that "an unprovoked attack is not punishment" under an Eighth Amendment analysis. 43 F.3d 1034, 1036-37 (6th Cir. 1995).

Plaintiff allegations plainly support a triable issue as to whether the force used was malicious and sadistic for both claims. Defendants have not provided any reasoning or evidence to refute these allegations, and did not even address them in their Response to the Motion for Summary Judgment. Therefore, the Court rejects the R&R's contention that the claims against Defendants Dixon and Brandon should be dismissed. Accordingly,

**IT IS ORDERED** that the Magistrate Judge's Report and Recommendation [94] is **ADOPTED IN PART.**

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment [84] is **GRANTED IN PART** in regards to the claims of deliberate

indifference against Tiffany Jones, Jacquelyn Foster, Tango Chetam, Maxine Hawk, Kimberly Majors, Vanessa Thomas, David Andreski and Aaron Cohen.

**IT IS FURTHER ORDERED** that Defendants Tiffany Jones, Jacquelyn Foster, Tango Chetam, Maxine Hawk, Kimberly Majors, Vanessa Thomas, David Andreski and Aaron Cohen are **DISMISSED from this case.**

**IT IS FURTHER ORDERED** that the claims of cruel and unusual punishment against Defendants Brandon and Dixon survive summary judgment.

**IT IS FURTHER ORDERED** that Plaintiff will be appointed a pro bono attorney and following the appearance filing of the pro bono attorney, the court will set a scheduling conference within 30 days.

**SO ORDERED**.

Dated: March 2, 2016

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge